UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 22cr10267-DJC |
| ) | |
| SCOTT FLEURANTIN, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM

## INTRODUCTION

In this case, Defendant Scott Fleurantin possessed fentanyl powder with the intent to distribute it, which is a dangerous crime in and of itself. However, not only did Defendant seek distribute fentanyl, but he did so while armed with a handgun – making his actions even more of a threat to the community. Defendant's actions in this case mark yet another chapter in Defendant's 20-year drug trafficking career, which has resulted in a myriad of convictions in Massachusetts and Florida. As set forth in the PSR at Paragraph 86, Defendant (who is 42 years old) is Career Offender (as well as having enough criminal history points to independently be a Criminal History Category VI) and his Sentencing Guidelines range is 151 to 188 months. Per the parties' plea agreement (Document No. 34), the parties agreed to a sentencing range that is capped at 132 months, which is below the applicable Sentencing Guidelines range. Given all the circumstances of this case, the Government recommends a sentence of 132 months' (11 years') incarceration to be followed by 3 years of supervised release, and no fine given Defendant's financial circumstances.

1

## ARGUMENT

Defendant was arrested in Woburn on or about June 25, 2021, with approximately 24.5 grams of fentanyl powder on his person. *See* PSR ¶ 9. When officers searched the van being driven by Defendant, they recovered: (1) a loaded .38 caliber handgun; (2) $1390 in cash, and (3) drug trafficking paraphernalia. *Id*. at ¶ 10. Officers also recovered a drug ledger from Defendant's residence in Woburn – the house belongs to Defendant's elderly parents. *Id*. at ¶¶ 10; 64.

As set forth in the PSR, Defendant has an extensive criminal history of trafficking drugs dating back 20 years. *Id*. at ¶¶ 29-38. The criminal convictions establish an almost continuous pattern of Defendant being convicted of drug trafficking, receiving a sentence, and then going right back to trafficking drugs. *Id*. Defendant has been convicted 8 times of drug trafficking charges over this 20-year-period. *Id*. During this 20-year-period, Defendant received sentences of 2 years in 2005, 4 years in 2006, 2 years in 2017, and 3-4 years in 2019. *Id*. Defendant also has received multiple sentences of probation for drug trafficking, which he has subsequently violated by drug trafficking. *Id*. Defendant has trafficked drugs in both Massachusetts and Florida (where Defendant was involved in a four-kilogram cocaine transaction). *Id*. He has trafficked drugs throughout various communities in Massachusetts, including in Somerville, Malden, Everett, Wakefield, and Woburn. *Id*.

Defendant's actions in this case establish that he is a significant danger to the community and a likely recidivist. As to the danger, Defendant was involved in the distribution of fentanyl, a highly dangerous drug, and was armed with a loaded pistol while doing so. The danger presented by Defendant is further increased through his pattern of recidivism. Defendant's drug

trafficking has continued throughout his adult life despite several convictions and significant prison sentences. *Id*. In this regard, Defendant has violated the terms of state probation on multiple occasions. *Id*. In fact, Defendant was on state probation for drug trafficking in multiple cases at the time that he committed the drug offense in this case. *Id*. Defendant's own actions have made it abundantly clear that he is prepared to deal in controlled substances no matter the potential legal consequences. Defendant is the definition of a Career Offender, and his crime merits a lengthy sentence.

      The Government believes that a sentence of 11 years is warranted under the circumstances. This sentence reflects an appropriate enhancement of incarceration following Defendant's last sentence in 2019 in which he received 3-4 years' incarceration – a sentence which did nothing to stop Defendant's pattern of recidivism as Defendant was again trafficking drugs with a loaded handgun by 2021.

## **CONCLUSION**

Given all the facts and circumstances of this case, the Government's proposed sentence of 132 months' (11 years' incarceration) to be followed by 3 years of supervised release is an appropriate sentence under the factors set forth in 18 U.S.C. 3553, especially the danger presented by Defendant to the community through armed trafficking in fentanyl and his pattern of recidivism.

                                                          Respectfully submitted,

                                                          RACHAEL S. ROLLINS
                                                          United States Attorney

Date: May 10, 2023                      By: */s/ Michael Crowley*
                                                              MICHAEL CROWLEY
                                                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

    I, Michael Crowley, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                            */s/ Michael J. Crowley*
                                                            MICHAEL J. CROWLEY
                                                            Assistant U.S. Attorney